[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2007
THOMAS K. KAHN
CLERK

No. 05-14050

_____

D. C. Docket No. 03-60223-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORVILLE BECKFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 10, 2007)**

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Orville Beckford appeals from his conviction for knowingly possessing a

firearm after previously having been convicted of a felony, in violation of 18

U.S.C. § 922(g)(1). Beckford argues that he was unduly prejudiced by the trial court's erroneous admission into evidence of a gun obtained from an illegal search of his car.

Beckford was arrested by the Broward County Sherriff's Office and originally charged in state court with three separate offenses: drinking in public, in violation of Lauderdale Lakes Ordinance § 15-11; being a convicted felon in possession of a firearm; and driving with a revoked license. Beckford pled "no contest" to the charge for driving with a revoked license. The municipal offense of drinking in public was transferred to county court. The state dismissed the "felon in possession" charge after the state trial judge granted Beckford's motion to suppress the gun.

However, while Beckford's state "felon in possession" case was still pending, the federal government charged Beckford with the federal offense of "felon in possession" under 18 U.S.C. § 922(g)(1), based on the same incident. Beckford moved to suppress the gun seized in the search of his car in the federal case as well, but the federal district court denied the motion and Beckford was convicted of the felony. It is from this conviction that Beckford now appeals.

The facts underlying the arrest in this case began when Sergeant Edward Velando-Chavez of the Broward County Sheriff's Office was surveilling a

shopping center parking lot in Lauderdale Lakes, Florida, and observed Beckford remove keys from a white Honda and proceed toward a liquor store in the shopping center.  After about five minutes, Beckford and a male companion returned to the area where the car was parked and began mixing and drinking rum and Pepsi. When Chavez approached the two men, Beckford put the rum bottle and cup inside the car.  Chavez informed the men that drinking alcohol in public was a violation of a city ordinance and requested identification.  Beckford denied drinking. However, Chavez replied that he had observed him doing so, and asked him about the bottle and cup he had seen Beckford place in the car.  Moreover, Chavez could smell the odor of alcohol on Beckford's breath.  Beckford was argumentative and insisted that he did not have any identification, that the vehicle was not his, and that he did not know to whom the vehicle belonged.

After unsuccessful attempts at having Beckford produce identification, Chavez called for back-up.  Officer Jason Hendrick, who responded to Chavez's call, testified that upon his arrival, he walked around the perimeter of the car, peered into the car's windows, and saw a portion of a gun under the driver's seat. The two officers entered Beckford's car and retrieved the rum bottle and cup,  as well as the gun found under the driver's seat.

Because Chavez had observed Beckford mix rum and Pepsi in a cup, drink

from the cup, and finally put the rum bottle and cup into the backseat of the vehicle when Chavez approached, the officers had probable cause to believe that evidence to prove the offense of drinking in public was in the vehicle. The officers' search of the vehicle was proper under the "automobile exception" to the Fourth Amendment warrant requirement, and we therefore affirm the trial court's denial of Beckford's motion to suppress.

**AFFIRMED.**